# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>    Plaintiff,<br><br>vs.<br><br>RODOLFO AGUIRRE, et al.,<br><br>    Defendants. | 1:12cv01343 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(Document 6) |

Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants removed the action on August 16, 2012. Plaintiff's complaint alleges claims related to events occurring in July and October 2011. The Court recently issued a screening order requiring Plaintiff to either proceed on the cognizable claims or file an amended complaint.

On October 23, 2012, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. He seeks an order compelling Defendants Faldon, Quillen and Torres[1]

---

[1] Plaintiff indicates that Defendants Faldon, Quillen and Torres were previously identified in the complaint as Doe Defendants. To correctly substitute Doe Defendants, Plaintiff must file an amended complaint.

1

to recognize his solid food hunger strike by ensuring that he receives his daily state issue of non-solid food.

## DISCUSSION

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir.2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1985) (emphasis added).

In his motion, Plaintiff alleges that since October 13, 2012, Defendants Faldon, Quillen and Torres have been denying him his daily state issue of non-solid foods. However, this action, which was filed in the Kings County Superior Court in June 2011, relates to events occurring in July and October 2011and does not relate to withholding of food thereafter. Plaintiff also makes no claims in his complaint that the withholding of food was ongoing. Indeed, given that Plaintiff filed this action before the events complained of in this motion occurred, and is required to exhaust claims prior to filing any suit, any claim that accrued in October 2012 would have to be raised in a new action once the claim was exhausted. 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The Court does not have jurisdiction, in this action, to issue the order sought by Plaintiff, assuming Plaintiff is even entitled to the issuance of such an order.

**RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 30, 2013**                    /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE

4