# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>vs.<br><br>RODOLFO AGUIRRE, et al.,<br><br>        Defendants. | 1:12cv01343 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(Document 14) |

      Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants removed the action on August 16, 2012. The Court recently issued Findings and Recommendations that certain claims go forward and the remainder be dismissed. Plaintiff was also instructed on service.

      On October 23, 2012, Plaintiff filed his first Motion for Temporary Restraining Order and Preliminary Injunction. On January 31, 2013, the Court issued Findings and Recommendations that the motion be denied. The Court explained that his action related to events occurring in July 2011 and October 2011, and that there was no indication that the issues were ongoing. His motion, however, sought relief for events occurring since October 13, 2012,

1

and the Court therefore lacked jurisdiction. The Court adopted the Findings and Recommendations on March 20, 2013.

Plaintiff filed a second Motion for Temporary Restraining Order and Preliminary Injunction on March 27, 2013. He seeks an order to ensure that R. Gill, M. Brooks and C. McCabe provide him with at least 2,200 calories of liquid nutritional supplements during his "solid food" hunger strike.

## DISCUSSION

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir.2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction if it has personal

jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1985) (emphasis added).

Plaintiff's motion again relates to events occurring after October 2012 and involves individuals not part of this action. Although his First Amended Complaint attempted to include this time period, the Court recommended that Plaintiff be required to file a separate action. The events occurred over one year after the events in the original complaint and involved a separate set of Defendants. The Court therefore recommended that the individuals Plaintiff names in this motion be dismissed. Plaintiff was instructed to file a separate action if he wished to challenge those events.[1]

The Court does not have jurisdiction, therefore, to issue the order sought by Plaintiff, assuming Plaintiff is even entitled to the issuance of such an order.

## **RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate

---

[1] The Court notes that in its Findings and Recommendations denying his first Motion for Temporary Restraining Order, the Court explained to Plaintiff that events occurring after October 2012 would need to be raised in a separate action. Plaintiff did not heed this advice and instead attempted to include the events in his First Amended Complaint.

3

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated: **April 2, 2013**             /s/ *Dennis L. Beck*
                                                                  UNITED STATES MAGISTRATE JUDGE