# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RODOLFO AGUIRRE, et al.,<br><br>　　　　　Defendants. | 1:12cv01343 AWI DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Document 17) |

　　　　Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants removed the action on August 16, 2012. Pursuant to Court order requiring Plaintiff to either amend his complaint or notify the Court of his willingness to proceed on the cognizable claims, Plaintiff opted to file a First Amended Complaint ("FAC") on March 6, 2013. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 3, 2013, the Court issued Findings and Recommendations that certain claims go forward and that the remaining claims and Defendants be dismissed. On April 16, 2013, Plaintiff filed objections. Plaintiff filed supplemental objections on April 24, 2013.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections and supplemental objections, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

    1.    <u>Claims and Defendants Related to Events Occurring After October 2011</u>

In the Findings and Recommendations, the Magistrate Judge determined that Plaintiff's FAC added factual allegations occurring <u>over one year</u> after the events in his original complaint. Although the claims were related to hunger-strike issues, they were brought against a wholly separate group of sixteen Defendants. The Magistrate Judge explained that the one year gap and the separate group of Defendants would (1) effectively result in the combination of two distinct actions; and (2) allow Plaintiff, who has three strikes, to avoid paying filing fees for a new action.

In his objections, Plaintiff characterizes his FAC as a "supplemental pleading" permitted under Federal Rule of Civil Procedure 15(d). He contends that he is simply supplementing his complaint with facts occurring after filing. However, Rule 15(d) cannot be used to introduce separate, distinct and new causes of action. <u>Planned Parenthood of Southern Arizona v. Neely</u>, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). Although Plaintiff argues his claims are related, the fact remains that the year-long gap and new set of numerous Defendants would result in the combination of two separate actions. This would not serve the interests of judicial economy and convenience, especially where this action already has a high number of Defendants. <u>Planned Parenthood</u>, 130 F.3d at 402.

Moreover, a request to supplement under Rule 15(d) must be made by noticed motion. Plaintiff's attempt to characterize his FAC as a supplemental pleading is therefore procedurally improper, and runs contrary to the Court's admonition when filing amended complaints.

2

Specifically, an amended complaint filed in response to a Court's order dismissing with leave to amend must correct the identified deficiencies and cannot add new, unrelated claims.

Finally, Plaintiff is incorrect in his belief that the Magistrate Judge did not allow an amendment because Plaintiff has three strikes. To the contrary, the Magistrate Judge allowed Plaintiff to amend to correct the deficiencies in the Court's screening order and Plaintiff's three-strikes status did not change his opportunity to amend. Nonetheless, whether a plaintiff has three strikes or not, the plaintiff must abide by the Court's directions and the Federal Rules of Civil Procedure. Plaintiff also cites Rule 15(a), yet even an amended complaint filed as of right is subject to screening.

The Magistrate Judge's analysis on this issue was proper.

    2.    <u>Retaliation Claim Against Defendants Moon, Clark, Hubbard and Weaver</u>

Although the Magistrate Judge found numerous cognizable claims of retaliation related to Defendants' treatment of Plaintiff during his solid-foods hunger strike, the Judge determined that he could not state a retaliation claim against Defendants Moon, Clark, Hubbard, Weaver and Does 21-30 because their refusal to increase his liquid diet from 1,125 calories per day to the daily minimum caloric requirement was not a sufficient adverse action.

Plaintiff objects to this finding, arguing that the law does not require any specific "degree" of adverse action. Instead, a retaliation claim only requires "some" adverse action, and Plaintiff contends that Defendants' refusal to increase his liquid diet fits the requirement. The Court maintains that the refusal to increase a 1,125 liquid calorie diet is not a sufficient adverse action where a plaintiff has *chosen* to maintain a solid-food hunger strike.

The Magistrate Judge's analysis on this issue was proper.

    3.    <u>Deliberate Indifference Against Defendants Moon, Clark, Hubbard and Weaver</u>

The Magistrate Judge determined that Plaintiff failed to state an Eighth Amendment deliberate indifference claim against Defendants Moon, Clark, Hubbard, Weaver and Does 21-30

3

because it amounted to no more than a disagreement with treatment. Plaintiff objects because prison officials are required to provide "adequate food." While this is true in an Eighth Amendment conditions of confinement claim, it is not the standard of review in a denial of medical care claim. Indeed, the Court has found a cognizable conditions of confinement claim against other Defendants based on their alleged withholding of food.

The Magistrate Judge's analysis on this issue was proper.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed April 3, 2013, are ADOPTED in full;
2. The action proceed on the following cognizable claims: (1) retaliation in violation of the First Amendment against Defendants Vogel, Perez, Marsical, Cortez, Martines, Vellejo, Singh, Aguirre, Wooden, Alanis, Messick, Ulit, Watkins, Hieng, Lovelady, Hubbard, Hugh, Moon, Kernan, Clark, Wang, Weaver and John Does 1-10, 11-20, 21-30 and 31-40; (2) inhumane conditions of confinement in violation of the Eighth Amendment against Defendants Vogel, Perez, Marsical, Cortez, Martines, Vellejo, Singh, Aguirre, Wooden, Alanis, Messick, Ulit, Watkins, Hieng, Lovelady, Hubbard, Hugh, Moon, Kernan, Macias, Clark, Lopez, Gibson and John Does 1-20, 31-40, 41-50 and 51-60; (3) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Clark and Wang; (4) negligence against Defendants Vogel, Perez, Marsical, Cortez, Martines, Vellejo, Singh, Aguirre, Wooden, Alanis, Messick, Ulit, Watkins, Hieng, Lovelady, Hubbard, Hugh, Moon, Kernan, Clark, Wang, Weaver, Macias, Lopez, Gibson and John Does 1-20, 31-40, 41-50 and 51-60; (5) intentional infliction of emotional distress against Defendants Vogel, Perez, Marsical, Cortez, Martines, Vellejo, Singh, Aguirre, Wooden, Alanis, Messick, Ulit, Watkins, Hieng, Lovelady, Hubbard, Kernan and

Does 1-20, 31-40, 41-50 and 51-60; and (6) medical malpractice against Defendants Moon, Clark, Hugh, Wang, Ulit and Does 21-30 and 51-60;

3. All remaining claims, including those for events occurring after October 2011, are DISMISSED WITHOUT LEAVE TO AMEND; and

4. Defendants Faldon, Molina, Torres, Quillen, Strome, Herrera, Gill, Dougherty, Kaiser, Sao, Brooks, Hayward, Riley, Rocha, Rouch, McCabe and John Does 61-70, 71-80 and 81-90 are DISMISSED.

IT IS SO ORDERED.

Dated:   May 7, 2013

SENIOR  DISTRICT  JUDGE