UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN RANSOM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. VOGEL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12cv01343 AWI DLB (PC)<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RELIEF FROM JUDMGENT<br><br>(Document 37) |

　　　　Plaintiff Bryan Ransom ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. Plaintiff originally filed his action in the Kings County Superior Court on June 26, 2012. Defendants paid the filing fee and removed the action on August 16, 2012.[1]

　　　　On April 3, 2013, the Court issued Findings and Recommendations regarding dismissal of certain claims and Defendants. The Findings and Recommendations also found cognizable claims against the remaining Defendants. The Findings and Recommendations were adopted on May 8, 2013.

---

[1] Pursuant to Court order dated June 9, 2010, Plaintiff was deemed to be a prisoner with three strikes or more and therefore unable to proceed in forma pauperis. 28 U.S.C. § 1915(g). However, Defendants paid the filing fee upon removal and Plaintiff's status is not relevant to this action.

1

On May 20, 2013, Plaintiff filed a Motion for Relief from Judgment under Federal Rules of Civil Procedure 59(e) and 60(b).  Plaintiff seeks relief from the Court's May 8, 2013, order dismissing the First Amendment retaliation claim against Defendants Moon, Clark, Hubbard and Weaver.

Defendants opposed the motion on June 10, 2013.

On June 17, 2013, Defendants filed a Motion to Dismiss for failure to exhaust.[2] The motion is pending.

**DISCUSSION**

Although motions to reconsider are directed to the sound discretion of the court, Frito–Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C.Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j)(3) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal.1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986); Keyes v. National R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D.Pa.1991).  These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

Under Rule 60(b), a party may move for relief from judgment on the following grounds: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

---

[2] The Motion to Dismiss was filed by Defendants who had already appeared in this action upon its removal from state court.  On April 3, 2013, Plaintiff, who is not proceeding in forma pauperis, was ordered to serve the remaining ten Defendants within 120 days.  No proofs of service, or waivers, have been filed with the Court.

1  (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the
2  judgment has been satisfied, released or discharged ... or (6) any other reason that justifies relief."
3     "A motion for reconsideration should not be granted, absent highly unusual circumstances,
4  unless the district court is presented with newly discovered evidence, committed clear error, or if there
5  is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH
6  & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations and citations omitted).  In seeking
7  reconsideration, a party "must show more than a disagreement with the Court's decision," and
8  recapitulating arguments the court has previously considered "fails to carry the moving party's
9  burden)." United States v. Westlands Water District, 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001)
10 (internal quotation/citation omitted).
11    Plaintiff's motion is based on his belief that the Court misapplied the law in ruling that
12 Defendants' refusal to increase a 1,125 liquid calorie diet, where Plaintiff was on a voluntary solid
13 food hunger strike, was not a sufficient adverse action to maintain a First Amendment retaliation
14 claim.  In fact, Plaintiff offers the same arguments that he made in his April 24, 2013, objections to the
15 Findings and Recommendations.
16    Plaintiff's cite to Watison v. Carter, 668 F.3d 1108 (9th Cir. 2012), does not offer relevant new
17 law.  The Court dismissed Plaintiff's First Amendment retaliation claim because the Court found the
18 failure to increase Plaintiff's liquid calorie diet did not meet the element of an "adverse action".   The
19 quote Plaintiff cites from Watison, concerns a completely different element of a First Amendment
20 retaliation claim – Chilling.  The Ninth Circuit stated:  "[A] plaintiff who fails to allege a chilling
21 effect may still state a claim if he alleges he suffered some other harm, that is more than minimal." Id.
22 at 1114.  Watison does not change the Court's analysis because it concerned the chilling element and
23 Plaintiff's First Amendment retaliation claim was dismissed for Plaintiff's failure to meet the adverse
24 action element.
25    Plaintiff's presentation of the same arguments does not entitle him for relief from the May 8,
26 2013, order.  He has presented no new evidence or relevant law to persuade the Court that he deserves
27 relief from the prior decision.
28

1 | Accordingly, Plaintiff's motion is DENIED.

4 | IT IS SO ORDERED.

5 | Dated: July 31, 2013

SENIOR DISTRICT JUDGE