# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM, | ) 1:12cv01343 AWI DLB PC |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| vs. | |
| RODOLFO AGUIRRE, et al., | ) (Document 49) |
| Defendants. | |

  Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants removed the action on August 16, 2012.

  On May 8, 2013, the Court ordered that this action go forward on claims for retaliation in violation of the First Amendment, inhumane conditions of confinement in violation of the Eighth Amendment, deliberate indifference to a serious medical need in violation of the Eighth Amendment, negligence and intentional infliction of emotional distress.

  On June 17, 2013, the Defendants who were served in state court filed a Motion to Dismiss certain claims. Plaintiff was instructed on service for the remaining Defendants and an

1

Order to Show Cause is currently pending based on Plaintiff's failure to effectuate service. Defendants' Motion to Dismiss is also pending.

On September 5, 2013, Plaintiff filed his third Motion for a Temporary Restraining Order and Preliminary Injunction. Defendants did not oppose the motion and it is deemed submitted pursuant to Local Rule 230(l).

## DISCUSSION

### A.   LEGAL STANDARD

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. Sierra On–Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir.1984); Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir.1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir.1964).

In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives Winter and continues to be valid. Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1050 (9th Cir.2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter

test are also met." Id. Under either test, Plaintiff must demonstrate a significant threat of irreparable injury that is imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir.1988).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**B.      ANALYSIS**

In his motion, Plaintiff requests that the Court issue an order to "ensure further adverse actions are not taken against [him] for exercising [his] First Amendment right to 'peacefully' protest" against CDCR by way of a hunger strike. Mot. 1. Plaintiff alleges that on July 18, 2013, he was identified as a leader and/or participant in the hunger strike. Pursuant to Defendant Kernan's September 27, 2011, memorandum prohibiting hunger strikes as inmate disturbances and permitting disciplinary action, Plaintiff was placed in Administrative Segregation and received two Rule Violations Reports. Plaintiff requests that the Court stay the September 27, 2011, memorandum and ensure that further disciplinary action is not taken against him.

According to Plaintiff's exhibits, the September 27, 2011, memorandum permits disciplinary action against hunger strike participants, as well as segregation for hunger strike leaders, based on CDCR's determination that a hunger strike is an inmate disturbance that impacts daily prison operations. On July 15, 2013, a Serious Rules Violation Report was issued against Plaintiff based on his participation in the mass hunger strike. Plaintiff was also charged with delaying a peace officer by participation in a mass hunger strike, as explained in a supplement to the Rules Violation Report. The supplement explained that Plaintiff's participation significantly delayed the Facility C Meal program on a daily basis.

On July 18, 2013, Plaintiff was found to be a leader of the hunger strike, deemed a threat to the safety and security of the institution and placed in Administrative Segregation. Plaintiff was to remain in Administrative Segregation pending Administrative Review, adjudication of disciplinary charges and/or appearance before the Institutional Classification Committee.

Plaintiff has not met his burden to support injunctive relief. First, Plaintiff contends that he has shown a likelihood of success on the merits because this Court has already found that he states a retaliation claim against Defendant Kernan based on the memorandum. The Court's finding in its screening order, however, is insufficient, by itself, to demonstrate a likelihood of success on the merits. At this early stage of the proceeding and based solely on Plaintiff's complaint, the Court cannot find that Plaintiff is likely to succeed on the merits of his claim. An injunction may only be awarded upon a *clear* showing that the plaintiff is entitled to relief. Winter, 555 U.S. at 22 (emphasis added).

Second, although Plaintiff contends that the Rules Violation Reports subject him to "severe" and/or "substantial" disciplinary actions, and that he is subject to the punitive mandates of the September 27, 2011, his allegations do not demonstrate irreparable injury. Rather, Plaintiff's claims are vague and to some extent, speculative. Plaintiff wants the Court to ensure that *future* adverse actions are not taken against him, a request that by its nature, involves speculation as to what may occur. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Caribbean Marine Servs. Co. v. Baldridge, 84 F.2d 668, 674 (9th Cir.1988).

Finally, Plaintiff's statements are insufficient to demonstrate that the balance of equities tips in his favor, or that the requested relief is in the public interest. Plaintiff's requested relief

would require this Court to interfere with the prison's internal policies and possibly compromise the safety and security of the prison.

### **RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may file a reply to the objections within fourteen (14) days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 3, 2013**              /s/ *Dennis L. Beck*
                                  UNITED STATES MAGISTRATE JUDGE