# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RODOLFO AGUIRRE, et al.,<br><br>　　　　　Defendants. | 1:12cv01343 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>(Document 48) |

　　　　Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On May 8, 2013, the Court ordered that this action go forward on claims for retaliation in violation of the First Amendment, inhumane conditions of confinement in violation of the Eighth Amendment, deliberate indifference to a serious medical need in violation of the Eighth Amendment, negligence and intentional infliction of emotional distress.

　　　　On June 17, 2013, the Defendants who were served in state court filed a Motion to Dismiss certain claims. Plaintiff was instructed on service for the remaining Defendants and an

1

Order to Show Cause is currently pending based on Plaintiff's failure to effectuate service. Defendants' Motion to Dismiss is also pending.

On September 5, 2013, Plaintiff filed a Motion to File an Amended Complaint. Defendants opposed the motion on September 25, 2013. Plaintiff did not file a reply and the motion is therefore deemed submitted pursuant to Local Rule 230(l).

## DISCUSSION

### A. LEGAL STANDARD

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### B. ANALYSIS

Plaintiff seeks to amend a single paragraph in his First Amended Complaint. Specifically, he seeks to amend paragraph 146, which reads, in part:

> 146. Between 2010 and 2013, Defendants T. Macias, E. Clark, R. Lopez, S. Hubbard and C. Gibson implemented Operational Procedure No. 1051 stating in pertinent part: "Once the inmate accepts a meal tray or staff witnesses the inmate consuming food, the hunger strike shall be declared over" of which has been interpreted by Prison Officials as a green light in support of their practice of withholding Plaintiff's daily state issued meals until he abandons his "SOLID FOOD" hunger strike.

Plaintiff requests that he be permitted to make clear the fact that he was not on total hunger strike, but rather a "solid foods" only hunger strike, and that Defendants' implementation of Operational Procedure No. 1051 resulted in him eating no food at all in order to qualify as a recognized hunger strike participant. Plaintiff alleges that this "drastically and unwillingly and underhandedly" changed the conditions of his solid food hunger strike to a total hunger strike. Mot. 2. He contends that this accelerated the onset of his starvation and dehydration, caused him additional unnecessary pain and suffering, and unconstitutionally prevented him from exercising his right to peacefully protest through a solid food hunger strike.

Plaintiff sets forth no reasons for moving to amend *after* Defendants have filed a Motion to Dismiss, other than to state that he believes the above paragraph does not satisfactorily allege that his declared hunger strike consisted of only refusing solid foods, and that the implementation of Operational Procedure No. 1051 required that he eat no food.

Defendants oppose the amendment as unnecessary and futile. Defendants also believe that Plaintiff filed this motion in bad faith, given that the First Amended Complaint clearly and repeatedly alleges that Plaintiff was on a solid food hunger strike and that Defendants withheld all food for various reasons. Defendants contend the allegations in the First Amended Complaint are sufficient to put them on notice that Plaintiff felt that his rights had been violated by Defendants' alleged refusal to provide him with liquids during his solid food hunger strike.

The Court agrees that Plaintiff's amendment is unnecessary. The First Amended Complaint adequately conveys Plaintiff's factual contentions and constitutional claims. Moreover, Plaintiff does not explain why he moves to amend now, while Defendants' motion to dismiss is pending. Defendants' Motion to Dismiss is based on Plaintiff's alleged failure to exhaust his state law claims, and his proposed amendment does not address or cure any exhaustion issues.

Plaintiff also seeks to amend his requested relief to include a request for an injunction ordering Defendants to rewrite Operational Procedure No. 1051. However, because the Court will not permit the above amendment, it will not permit Plaintiff to amend to include related relief.

Accordingly, Plaintiff's Motion to Amend is DENIED.

IT IS SO ORDERED.

Dated:   **October 17, 2013**                    /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE