# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>   vs.<br><br>RODOLFO AGUIRRE, et al.,<br><br>        Defendants. | ) 1:12cv01343 AWI DLB PC<br>)<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) DISMISSING CERTAIN DEFENDANTS<br>) FOR FAILURE TO EFFECTUATE<br>) SERVICE OF PROCESS<br>)<br>) **THIRTY DAY DEADLINE**<br>) |

Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner proceeding pro se in this civil rights action. Plaintiff originally filed his action in the Kings County Superior Court on June 26, 2012. Defendants paid the filing fee and removed the action on August 16, 2012.[1]

On April 3, 2013, the Court ordered Plaintiff, who is not proceeding in forma pauperis, to serve Defendants Martines, Watkins, Hieng, Lovelady, Hubbard, Hugh, Weaver, Macias, Lopez and Gibson pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[2]  Plaintiff was

---

[1] Pursuant to Court order dated June 9, 2010, Plaintiff was deemed to be a prisoner with three strikes or more and therefore unable to proceed in forma pauperis. 28 U.S.C. § 1915(g). However, Defendants paid the filing fee upon removal and Plaintiff's status is not relevant to this action.

[2] Defendants Vogel, Perez, Marsical, Cortez, Vellejo, Singh, Aguirre, Wooden, Alanis, Messick, Ulit, Moon, Kernan, Clark and Wang have already been served. They filed a Motion to Dismiss on June 17, 2013. Findings and Recommendations that the motion be granted in part are pending.

1

ordered to complete service with one-hundred twenty (120) days from the date of service of this order.

On May 30, 2013, the Court denied Plaintiff's request to have the United States Marshal serve Defendants. The Court explained that Plaintiff had only attempted service by mailing the waivers and had not yet attempted personal service.

On August 26, 2013, after one-hundred twenty (120) days had passed and there was no evidence of service in the record, the Court issued an Order to Show Cause why the unserved Defendants should not be dismissed for failure to effectuate service. After receiving an extension of time, Plaintiff filed a response on October 28, 2013. For the reasons that follow, the Court finds that the Defendants who have not been served should be dismissed from this action.

**A.      DISCUSSION**

Rule 4(m) provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff was ordered to effect service on April 3, 2013. The order directing Plaintiff to serve clearly set out the requirements and steps Plaintiff needed to follow, including the requirement of personal service if waivers are not returned.

In his response to the Order to Show Cause, Plaintiff states that he sent the waivers by mail on April 19, 2013, but they were not returned within thirty (30) days. He then requested that the Court order the United States Marshal to serve summons, but as explained above, the Court denied the request on May 30, 2013. Although the April 3, 2013, service order and the May 30, 2013, denial explained to Plaintiff that he now had to attempt <u>personal service</u>, Plaintiff did not do so. Instead, on June 11, 2013, Plaintiff gave an envelope containing service documents, and addressed to Mary Kimbrell, the Litigation Coordinator at Corcoran State

Prison, to the law library custody officer for intradepartmental mailing.  Plaintiff states that despite numerous inquiries, he has not received a response from Ms. Kimbrell regarding the status of service.

Plaintiff has failed to show good cause for his failure to serve Defendants.  At a minimum, "good cause" means excusable neglect.  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).  Given the Court's specific instruction that Plaintiff had to attempt personal service, the Court finds that Plaintiff has not demonstrated excusable neglect.  While the Court recognizes that Plaintiff is proceeding pro se, Plaintiff is not new to litigation before this Court.  Indeed, after Plaintiff received the Court's May 30, 2013, order denying his request for Marshal service and explaining that he had to attempt personal service, Plaintiff did not follow the Court's instruction and instead chose to attempt service by mailing documents to the Litigation Coordinator.

Plaintiff believes that the Litigation Coordinator has been appointed by CDCR to accept service for employees.  While the Litigation Coordinator has discretion to work with certain agencies and accept service in certain situations, Ms. Kimbrell is not *required* to accept service for Defendants at issue.  In fact, it is unknown whether all unserved Defendants are currently employed by CDCR.  Contrary to Plaintiff's belief, service on the Litigation Coordinator is not akin to personal service, and it does not constitute effective service under these circumstances.

B.      **FINDINGS AND RECOMMENDATIONS**

Based on the above, the Court RECOMMENDS that Defendants  Martines, Watkins, Hieng, Lovelady, Hubbard, Hugh, Weaver, Macias, Lopez and Gibson be DISMISSED from this action for Plaintiff's failure to effectuate service of process.

These Findings and Recommendations are submitted to the United States District Court Judge pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with these Findings and Recommendations, a party may file written

objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies may be filed within fourteen (14) days of receipt of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   __**November 21, 2013**__                    _____/s/ *Dennis L. Beck*_____
                                                               UNITED STATES MAGISTRATE JUDGE