# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>         Plaintiff,<br><br>    vs.<br><br>RODOLFO AGUIRRE, et al.,<br><br>         Defendants. | 1:12cv01343 AWI DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION<br><br>(Document #53) |

Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants removed the action on August 16, 2012.

On May 8, 2013, the Court ordered that this action go forward on claims for retaliation in violation of the First Amendment, inhumane conditions of confinement in violation of the Eighth Amendment, deliberate indifference to a serious medical need in violation of the Eighth Amendment, negligence and intentional infliction of emotional distress.

On September 5, 2013, Plaintiff filed his third Motion for Temporary Restraining Order and Permanent Injunction. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1

On October 4, 2013, the Court issued Findings and Recommendations that Plaintiff's Motion be denied.  On December 11, 2013, Plaintiff filed objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

At issue here is the September 27, 2011, memorandum written by Defendant Kernan that allows disciplinary action against inmates participating in mass hunger strikes.  Plaintiff requests that the Court stay this memorandum and ensure that further disciplinary action is not taken against him.  The Magistrate Judge correctly determined that Plaintiff was not entitled to injunctive relief.

In his objections, Plaintiff first argues that the allegations in his complaint, in addition to the Senior Hearing Officer's statement that Plaintiff has a right to protest peacefully by means of a hunger strike, demonstrate a likelihood of success on the merits.  While it may be true that a peaceful hunger strike is protected constitutional conduct to some extent, the memorandum that permitted the disciplinary action against Plaintiff is aimed at mass inmate hunger strikes, which CDCR has classified as organized inmate disturbances.  The Senior Hearing Officer made this distinction by explaining that although Plaintiff has right to participate in a peaceful hunger strike, the Rules Violation Report was issued because Plaintiff admitted to participation in an organized state-wide hunger strike.  Plaintiff's citation to the Senior Hearing Officer's statement, then, does not bolster his argument, but rather raises additional doubts as to the merits of his claim.

Plaintiff also argues that he has been irreparably injured because he was found guilty of "Delaying a Peace Officer by Participation in a Mass Hunger Strike" and received a 61-day credit loss.  Similarly, he contends that the balance of equities tips in his favor because he will

suffer enormous loss because of his 61-day credit loss, while Defendant Kernan will experience "non-existent" suffering. Obj. 8. Plaintiff's speculative arguments do not rise to the level necessary to overcome the deference afforded to prisons in such instances.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed October 4, 2013, are ADOPTED in full;

2. Plaintiff's Motion for Temporary Restraining Order and Permanent Injunction (Document 49) is DENIED.

IT IS SO ORDERED.

Dated:   March 12, 2014

SENIOR DISTRICT JUDGE