# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>    vs.<br><br>RODOLFO AGUIRRE, et al.,<br><br>        Defendants. | 1:12cv01343 AWI DLB PC<br><br>ORDER REGARDING DEFENDANTS' STATUS REPORT |

       Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants removed the action on August 16, 2012.

       On June 17, 2013, Defendants filed an unenumerated Rule 12(b) Motion to Dismiss based on Plaintiff's failure to exhaust. On November 1, 2013, the Court issued Findings and Recommendations to grant in part and deny in part the motion. The Court adopted the Findings and Recommendations on March 12, 2014.

       In their objections, Defendants requested an evidentiary hearing as to whether Plaintiff submitted two inmate appeals and mailed two government claims. The Court denied the Motion to Dismiss the related arguments without prejudice.

On March 14, 2014, the Court ordered Defendants to file a status report addressing whether they wished to renew their Motion to Dismiss on the issues for which they requested an evidentiary hearing.

Defendants filed their status report on April 4, 4014, indicating that they wanted to renew their Motion to Dismiss on these issues.

On April 3, 2014, however, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for raising the issue of administrative exhaustion. Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following the decision in Albino, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino, 2014 WL 1317141, at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion. Id.

Accordingly, in light of the decision in Albino, Defendants must file a motion for summary judgment to address the remaining exhaustion issue(s). The motion must follow all procedural rules and provide the requisite notice to Plaintiff.

Within thirty (30) days of the date of service of this order, the parties shall inform the Court whether limited discovery relating soley to exhaustion is necessary pursuant to Rule 56(d). The Court will rule on the discovery requests, if any, and set a briefing schedule and evidentiary hearing at that time.
IT IS SO ORDERED.

Dated:   **April 10, 2014**                              /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE