# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RODOLFO AGUIRRE, et al.,<br><br>　　　　　Defendants. | 1:12cv01343 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS<br><br>(Document 79) |

　　　　Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　The parties have been granted leave to perform discovery limited to exhaustion.

　　　　On August 26, 2014, the Court granted Defendant Perez's request for a fourteen-day extension of time to respond to Plaintiff's Interrogatories. According to Counsel, he prepared draft responses on August 8, 2014, but was informed by the Litigation Coordinator that Defendant Perez would be out on vacation until August 26, 2014, the date his responses were due.

　　　　On September 15, 2014, the Court received a filing from Plaintiff in which he objects to the request for an extension and asks that the Court impose monetary sanctions on Defendant

Perez, and his Counsel, for "their blatant insolence and obsurdity [sic]." ECF No. 79, at 2. Plaintiff thinks that granting an extension based on Defendant Perez's vacation plans is "tantamount to the court granting Plaintiff an extension of time simply because he is too busy watching T.V. in his cell which surely verges into the obsurd [sic]." ECF No. 79, at 2.

Plaintiff's suggestion is not well-taken. The Court has wide discretion in determining what is, and is not, good cause to support an extension of time. Defendant Perez was not required to clear his vacation schedule with Counsel, or Plaintiff, prior to his departure. For both parties, the Court takes into consideration all factors when determining whether to grant an extension of time. Here, this was Defendant Perez's first request for an extension, and he only requested an additional fourteen days. That he may have been "reachable" while on vacation is of no consequence. The Court strives to be sensible in its approach to litigation, despite Plaintiff's suggestion otherwise.

Accordingly, Plaintiff's request for sanctions is DENIED.

IT IS SO ORDERED.

Dated: **September 17, 2014**          /s/ *Dennis L. Beck*
                                       UNITED STATES MAGISTRATE JUDGE