# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>   vs.<br><br>RODOLFO AGUIRRE, et al.,<br><br>        Defendants. | 1:12cv01343 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL AND MOTION FOR APPOINTMENT OF MEDICAL EXPERT<br><br>(Document 87) |

   Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

   The parties have been granted leave to obtain discovery limited to exhaustion. Defendants must file their motion for summary judgment related to exhaustion by December 30, 2014.

   On November 5, 2014, Plaintiff filed a motion for the appointment of counsel and for the appointment of a medical expert.

1

### A. Motion for Counsel

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

Plaintiff also states that he has been diagnosed with bipolar disorder and clinical depression. However, his medical diagnoses, alone, do not warrant appointment of counsel. A review of Plaintiff's pleadings reveals that he has been able to adequately present his claims, file motions on his behalf and oppose motions filed by Defendants.

This Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED.

### B. Motion for Appointment of Medical Expert

Plaintiff requests the appointment of a medical expert to opine on (1) his mental illness; and (2) the issues in this action relating to his hunger strike and denial of Hepatitis C treatment.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by

knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise," Fed. R. Evid. 702, and the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). However, at this stage in the proceedings, there are no pending matters in which the Court requires special assistance, *Ford ex rel. Ford*, 291 F.3d at 1090; *Walker*, 180 F.3d at 1071. The Court's docket is comprised of an overwhelming number of civil rights cases filed by prisoners proceeding pro se and in forma pauperis, and the facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court. *Wilds v. Gines, No.*, 2011 WL 737616, at *4 (N.D. Cal. 2011); *Honeycutt v. Snider*, 2011 WL 6301429, at *1 (D. Nev. 2011).

      Moreover, insofar as Plaintiff seeks an expert regarding his mental health issues, those issues are not necessarily relevant to the claims before the Court.

      Plaintiff also recognizes that Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. *Manriquez v. Huchins,* 2012 WL 5880431, at *12 (E.D. Cal. 2012) (quotation marks and citations omitted). He requests that the Court appoint counsel, and then counsel can obtain an expert. However, the Court is not appointing counsel at this time. Even if the Court appointed counsel, it could not compel counsel to obtain an expert witness.

      Accordingly, Plaintiff's motions for the appointment of counsel and for the appointment of an expert witness are DENIED.

IT IS SO ORDERED.

   Dated:   **November 11, 2014**               /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE