# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>            Plaintiff,<br><br>      vs.<br><br>RODOLFO AGUIRRE, et al.,<br><br>            Defendants. | 1:12cv01343 AWI DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL DEFENDANT KERNAN TO PROVIDE A FURTHER RESPONSE TO REQUEST FOR ADMISSION NUMBER 6<br><br>(Document 92) |

      Plaintiff Bryan E. Ransom ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants removed the action on August 16, 2012.

      On May 29, 2014, the Court permitted limited discovery regarding exhaustion. Specifically, the Court opened discovery limited "<u>only</u> to Plaintiff's exhaustion of his constitutional claims brought under 42 U.S.C. § 1983 and exhaustion of his state law claims." ECF No. 72, at 2.

      After receiving numerous extensions of time to conduct discovery, Plaintiff filed a motion to compel on December 8, 2014. Defendants filed an opposition on December 29, 2014. Plaintiff did not file a reply and the motion is suitable for decision pursuant to Local Rule 230(l).

1

Defendants' December 30, 2014, motion for summary judgment based on exhaustion is pending.

## DISCUSSION

1.  Legal Standard

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other forms of discovery, it is well established that boilerplate objections do not suffice, *e.g.*, *Thompson v. Yates*, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011); *Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Assoc.*, No. 2:09-cv-1672-RCJ-RJJ, 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011); *Palladini v. City of Milpitas*, No. CV 06-00779 JW (HRL), 2008 WL 1774090, at *2 (N.D. Cal. Apr. 16, 2008); *Medina v. U.P.S.*, No. C-06-791 JW PVT, 2007 WL 2123699, at *2 (N.D. Cal. Jul. 23, 2007); *Eastridge Personnel of Las Vegas, Inc. v. Du-Orpilla*, No. 2:06-cv-00776-KJD-PAL, 2007 WL 1232229, at *2 (D. Nev. Apr. 26, 2007); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 255 (C.D. Cal. 2006).

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or objection," Fed. R. Civ. P. 36(a)(6).  "Unless the court finds an objection justified, it must order

that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served." *Id*. Efforts to obstruct discovery through objections or evasive responses which lack any good faith basis will not be condoned.  *Marchand v. Mercy Med. Cntr.*, 22 F.3d 933, 938 (9th Cir. 1994); *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. M 07-1827 SI, 2011 WL 3566419, at *5 (N.D. Cal. Aug. 12, 2011); *Mitchell*, 2010 WL 3835765, at *1.

2.  <u>Analysis</u>

Request for Admission Number 6 requested that Defendant Kernan admit the authenticity of a September 28, 2011, letter from the Office of the Inspector General, attached to the request as Exhibit A.  The letter encloses the Inspector General's "special report" on CDCR's inmate appeals process.

In response, Defendant Kernan objected to the request as irrelevant and beyond the scope of permitted discovery.  Without waiving these objections, Defendant Kernan denied the request because he no longer works at CDCR and does not have access to CDCR files.

Plaintiff moves to compel Defendant Kernan's counsel to authenticate the document "through one of the other Defendants."  ECF No. 92, at 2.  He contends that the document , which sets forth the Inspector General's concerns with the revised inmate appeals process, is critical to his opposition to summary judgment.  Plaintiff believes that the document shows that CDCR was placed on notice by the Office of Inspector General that the loss and/or destruction of inmate appeals was prevalent, and that CDCR declined the suggestion to implement an "accountability" feature on the appeal form.

In opposing the motion, Defendant repeats his objection that the document is not relevant, and contends that regardless, he responded properly to the request.

The pending exhaustion challenge relates to all federal claims arising after July 11, 2011. Defendants contend that Plaintiff failed to exhaust his federal claims arising after that date, and

all of his state law claims. As the Court has previously noted, the issue is whether Plaintiff submitted two inmate appeals and mailed two government claims.

Therefore, while there is an issue as to whether Plaintiff submitted his appeals, CDCR's general knowledge of a problem with appeal delivery isn't necessarily relevant to whether or not Plaintiff mailed his appeals.

In any event, the lack of authentication will not prevent Plaintiff from submitting the document in support of his opposition. If there is an objection to the document's authenticity, the Court will consider arguments and rule on the objection. <u>Las Vegas Sands, LLC v. Nehme</u>, 632 F.3d 526, 533 (9th Cir. 2011); <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764 (9th Cir. 2002).

Finally, the request at issue was directed at Defendant Kernan, and the Court cannot compel another party to provide a response.

Accordingly, Plaintiff's motion to compel is DENIED.

IT IS SO ORDERED.

Dated: **January 27, 2015**          /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE