UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AGUIRRE, et al.,<br><br>　　　　Defendants. | No. 1:12-cv-01343-DAD-DLB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS FOR FAILURE TO EXHAUST<br><br>(Doc. No. 131) |

　　　Plaintiff Bryan E. Ransom ("plaintiff") is a state prisoner proceeding *pro se* in this civil rights action. Defendants paid the filing fee and removed the action to this court on August 16, 2012.

　　　On December 16, 2015, the magistrate judge to whom the case was referred pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 held an evidentiary hearing on the issue of whether plaintiff had properly exhausted his administrative remedies prior to bringing suit as required. (Doc. No. 113.) On March 11, 2016, the magistrate judge issued findings and recommendations recommending that certain claims alleged in plaintiff's complaint be dismissed due to his failure to exhaust those claims. (Doc. No. 131.) Those findings and recommendations were served on the parties and contained notice that any objections must be filed within thirty days. Neither party has filed objections, and the time period in which to do so has passed.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

For the reasons set forth above:

1. The findings and recommendations filed March 11, 2016 (Doc. No. 131) are adopted in full;

2. The following claims are dismissed without prejudice for plaintiff's failure to exhaust administrative remedies:

   a. Plaintiff's federal claims related to events occurring after July 11, 2011, that

      (i) he informed Warden Hubbard that medical staff refused to increase his liquid diet, and officials were misinterpreting Operating Procedure 1051; and

      (ii) defendant Kernan was placed on notice that prison officials were withholding food, but failed to intervene; and

   b. the remaining state law claims; and

3. This matter is referred back to the assigned magistrate judge for further scheduling.

IT IS SO ORDERED.

Dated:   **July 26, 2016**                          _____
                                                    UNITED STATES DISTRICT JUDGE