UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>    vs.<br><br>AGUIRRE, et al.,<br><br>        Defendants. | 1:12-cv-01343-DAD-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH SCHEDULING ORDER<br>(ECF No. 133.)<br><br>OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS |

      Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This case was initiated by a complaint filed in Kings County Superior Court on June 26, 2012, case 12 C0200. On August 16, 2012, the case was removed to federal court pursuant to 28 U.S.C. § 1441(b) by defendants Aguirre, Alanis, Messick, Clark, Cortez, Kernan, Mariscal, Messick, Moon, Perez, Singh, Ulit, Vallejo, Vogel, Wang, and Wooden. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed by Plaintiff on March 6, 2013, against defendants Aguirre, Alanis, Clark, Cortez, Kernan,

1

Mariscal, Messick, Moon, Perez, Singh, Ulit, Vallejo, Vogel, Wang, and Wooden (collectively, "Defendants"). (ECF No. 12.)

On August 9, 2016, the court issued a Discovery and Scheduling Order ("Order") opening discovery and setting out deadlines. (ECF No. 133.) The Order required the parties to provide initial disclosures by September 22, 2016. (Id.) Plaintiff was directed to do the following by September 22, 2016:

A. Plaintiff's Disclosures:

Plaintiff shall provide Defendants with the name and, if known, the location or other identifying information (such as inmate number, job classification or assignment) of each individual likely to have information about the events described in his complaint or his claims of injury or damage. In addition, Plaintiff shall describe, generally, the information each individual so identified is believed to possess.

Plaintiff shall also provide copies of, or a list describing (by category and location), all documents or other tangible things in his possession, custody or control1 which he may use to support the allegation(s) in his complaint, or his claims or injury or damage.

On September 16, 2016, Defendants filed a motion for terminating sanctions. (ECF No. 135.) Plaintiff Bryan E. Ransom ("Plaintiff") was required to file an opposition or a statement of non-opposition to the motion within twenty-one days, but has not done so. Local Rule 230(*l*).

(Discovery and Scheduling Order, ECF No. 133 at 1-2.)

The deadline for providing initial disclosures expired on September 22, 2016. On October 10, 2016 and December 6, 2016, Defendants filed notice to the court that Plaintiff had not provided initial disclosures pursuant to the Order. (ECF Nos. 138, 143.)

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the

action has been pending since June 26, 2012. Plaintiff's failure to respond to the court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not fully participate in discovery. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to participate in discovery that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding pro se, the Court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed based on Plaintiff's failure to obey the court's Discovery and Scheduling Order of September 22, 2016.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days of the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **May 4, 2017**　　　　　　**/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE