UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>    vs.<br><br>AGUIRRE, et al.,<br><br>        Defendants. | 1:12-cv-01343-DAD-GSA-PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS ISSUED ON MAY 4, 2017, AND GRANTING PLAINTIFF THIRTY DAYS IN WHICH TO SERVE INITIAL DISCLOSURES<br>(ECF No. 135.)<br><br>THIRTY-DAY DEADLINE |

**I.    BACKGROUND**

Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on March 6, 2013, against defendants Aguirre, Alanis, Clark, Cortez, Kernan, Mariscal, Messick, Moon, Perez, Singh, Ulit, Vallejo, Vogel, Wang, and Wooden (collectively, "Defendants"), on Plaintiff's claims for retaliation, adverse conditions of confinement, inadequate medical care, and state tort violations, arising from events occurring in 2011. (ECF No. 12.)

On May 4, 2017, the court entered findings and recommendations to dismiss this case for Plaintiff's failure to comply with the court's discovery and scheduling order issued on

1

August 9, 2016. (ECF No. 145.) Specifically, Plaintiff failed to provide initial disclosures to Defendants as required by the discovery and scheduling order. On June 8, 2017, Plaintiff filed objections to the findings and recommendations. (ECF No. 148.)

## II. DISCUSSION

In his objections, Plaintiff claims that due to his transfer on April 14, 2016, from Corcoran State Prison to California Men's Colony East, where Plaintiff is presently incarcerated, Plaintiff is missing four out of thirteen boxes of his legal property and does not have the documentation he needs to provide the required initial disclosures. Plaintiff argues that his failure to respond to the court's order is the result of excusable neglect.

Plaintiff shall be granted thirty days in which to <u>either</u>: (1) serve initial disclosures on Defendants as instructed below, <u>or</u> (2) serve Defendants with written notice informing them that he does not have any initial information or documents to disclose.

The court's discovery and scheduling order requires initial disclosures, as follows.

A. Plaintiff's Disclosures:

Plaintiff shall provide Defendants with the name and, if known, the location or other identifying information (such as inmate number, job classification or assignment) of each individual likely to have information about the events described in his complaint or his claims of injury or damage. In addition, Plaintiff shall describe, generally, the information each individual so identified is believed to possess.

Plaintiff shall also provide copies of, or a list describing (by category and location), all documents or other tangible things in his possession, custody or control1 which he may use to support the allegation(s) in his complaint, or his claims or injury or damage.

(Discovery and Scheduling Order, ECF No. 133 at 1-2.)

By this order, the court's findings and recommendations issued on May 4, 2017, shall be vacated.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The court's findings and recommendations issued on May 4, 2017, are VACATED;

///

2. Within thirty days of the date of service of this order, Plaintiff shall either:

   (1) serve initial disclosures on Defendants, as instructed by this order, or

   (2) serve Defendants with written notice informing them that he does not have any initial information or documents to disclose; and

3. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated: **June 19, 2017**       **/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE