UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN E. RANSOM,<br><br>        Plaintiff,<br><br>   vs.<br><br>AGUIRRE, et al.,<br><br>        Defendants. | 1:12-cv-01343-DAD-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT'S ORDER<br>(ECF No. 147.)<br><br>OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS |

Bryan E. Ransom ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. This case was initiated by a complaint filed in Kings County Superior Court on June 26, 2012, case 12 C0200. On August 16, 2012, the case was removed to federal court pursuant to 28 U.S.C. § 1441(b) by defendants Aguirre, Alanis, Messick, Clark, Cortez, Kernan, Mariscal, Messick, Moon, Perez, Singh, Ulit, Vallejo, Vogel, Wang, and Wooden. (ECF No. 1.) This case now proceeds with the First Amended Complaint filed by Plaintiff on March 6, 2013, against defendants Aguirre, Alanis, Clark, Cortez, Kernan, Mariscal, Messick, Moon, Perez, Singh, Ulit, Vallejo, Vogel, Wang, and Wooden (collectively, "Defendants"). (ECF No. 12.)

On April 13, 2017, the court issued an order requiring Plaintiff to file a response to Defendants' September 16, 2016, motion for terminating sanctions, within twenty-one days. (ECF No. 144.) On June 1, 2017, Plaintiff filed a motion for a thirty-day extension of time to file his response. (ECF No. 146.) On June 8, 2017, the court granted Plaintiff a thirty-day extension of time. (ECF No. 147.) The thirty-day deadline has expired, and Plaintiff has not filed a response to Defendants' motion for terminating sanctions.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since June 26, 2012. Plaintiff's failure to respond to the court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not fully participate in discovery. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to participate in discovery that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding pro se, the Court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However,

inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the court's order of April 13, 2017.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days of the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 19, 2017**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE